IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED FOOD & COMMERCIAL WORKERS UNION, LOCAL 1360 SHOP RITE PENSION FUND<br>c/o Zenith American Solutions<br>501 Carr Road, Suite 550<br>Wilmington, DE 19809<br>             and<br><br>SAM FERRAINO,<br>in his official capacity as a Trustee of the<br>United Food & Commercial Workers Union,<br>Local 1360 Shop Rite Pension Fund<br>c/o Zenith American Solutions<br>501 Carr Road, Suite 550<br>Wilmington, DE 19809<br><br>             Plaintiffs,<br><br>        v.<br><br>EICKHOFF SUPERMARKETS, INC. t/a<br>SHOP RITE SUPERMARKETS<br>1310 Fairview Boulevard<br>Delran, NJ 08075<br>             Defendant. | : : : : : : : : : : : : : : : : : : : : : : : : : | CIVIL ACTION<br><br>NO. |

## COMPLAINT

### The Parties

1. Plaintiff, United Food & Commercial Workers Union, Local 1360 Shop Rite Pension Fund (hereafter, "Plaintiff Fund") is an employee benefit plan pursuant to Section 3(3) of the Employee Retirement Income Security Act (hereafter, "ERISA"), 29 U.S.C. Section §1002(3), administered at 501 Carr Road, Suite 550, Wilmington, DE 19809. Plaintiff Fund is due and owing relief being sought from Eickhoff Supermarkets, Inc. as set forth below.

2. Plaintiff, Sam Ferraino, a trustee of Plaintiff Fund, acts as a fiduciary on behalf of Plaintiff Fund within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), for the

purposes of collecting delinquent contributions, and brings this action in such capacity on behalf of the Plaintiff Fund having been so authorized by the Trustees of each of the Plaintiff Fund.

3. Defendant, Eickhoff Supermarkets, Inc. t/a Shop Rite Supermarkets, (hereinafter, "Defendant") is a corporation doing business at 1310 Fairview Boulevard, Delran, NJ 08075.

4. Defendant is engaged in interstate commerce within the meaning of Section 2(6) of the LMRA, as amended, 29 U.S.C. §152(6), and pursuant to a collective bargaining agreement with the United Food & Commercial Workers Union, Local 1360 ("Union"), employs members of the Union in the State of New Jersey.

5. Defendant is an employer within the meaning of Section 2(2) of the National Labor Relations Act and Section 301 of the LMRA, as amended, 29 U.S.C. §§152(2) and 185, and Section 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§1002(5) and 1145.

## Jurisdiction & Venue

6. Jurisdiction of the District Court is invoked pursuant to Section 301 of the LMRA, as amended, 29 U.S.C. §185, in that the Defendant is an employer within the meaning of the LMRA, and party to a collective bargaining agreement which forms the basis and substance of the matters at issue in this litigation; and 28 U.S.C. §1337, providing for original jurisdiction in civil actions that arise out of an Act of Congress regulating commerce.

7. Jurisdiction of the District Court is invoked pursuant to the provisions of Section 502 and Section 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§1132 and 1145, in that Defendant is an employer as defined by ERISA. The District of New Jersey is the proper venue under ERISA section 502(e)(2), 29 U.S.C. §1132(e)(2), because the Defendant does business, and is located, in this judicial district.

## Cause of Action

**Defendant's Outstanding Obligations Owed to Plaintiffs Pursuant to Sections 502 and 515 of ERISA**

8. Plaintiffs hereby incorporate the allegations of paragraphs 1 through 7, as if set forth fully herein.

9. The Union and Defendant are parties to a collective bargaining agreement(s), which requires that Defendant, pursuant to the Agreement and Declaration of Trust that so governs administration of the Plaintiff Fund, to remit benefit contributions and reports on a timely basis to the Plaintiff Fund, based upon the performance of covered work by its employees who are members of the Union at rates commensurate with those required under the collective bargaining agreement(s), for all hours worked. A copy of the Collective Bargaining Agreement is attached hereto as Exhibit A.

10. Pursuant to the Fund's Agreement and Declaration of Trust, for the administration of the Fund, Defendant is also required to submit to auditing of its books and records at reasonable intervals for the purpose of determining the accuracy of the contributions made by the Employer to the Plaintiff Fund. In the instance an audit uncovers contribution delinquencies, Defendant must remit to the Fund all sums due and owing for contributions uncovered, and interest that has accrued on the unpaid contributions found. A copy of the United Food & Commercial Workers Union, Local 1360 Delinquency Policy by which assessments of interest and liquidated damages on unpaid delinquencies are governed is attached hereto as Exhibit B.

11. On March 28, 2019, the Plaintiff Fund completed, through an independent auditor, an audit of Defendant's payroll records for the contribution periods of January 1, 2016 through December 31, 2017. A copy of the audit dated March 28, 2019 is attached hereto as Exhibit C.

12. As detected by audit, Defendant employed workers for whom it failed to remit required benefit contributions for the abovementioned audit periods, which has resulted in an audit delinquency owed in the amount of **$2,329.42**, which includes audit principal due and owing in the amount of $1,979.00, and interest accrued to present in the amount of $350.42. A copy of the audit report as of October 9, 2019 is attached hereto as Exhibit D.

13. Defendant was notified of this delinquency and given thirty (30) business days to remit payment in full, but has failed, or refused, to make appropriate and timely payments as required. A copy of the Notice sent by Plaintiffs' Counsel, dated October 9, 2019, is attached hereto as Exhibit E.

14. Due to Defendant's failure to pay the audit delinquency, pursuant to the Fund's Delinquency Policy referenced above herein as Exhibit B, Defendant is responsible to the Fund for liquidated damages assessed at twenty percent (20%) of the audit balance in the amount of $395.80, making the total sum for the amount of **$2,725.22** now due, as well as all attorney's fees and costs associated with the filing of this action.

15. This amount may change as Defendant makes payments, partial payments and/or fails to make payments due as a result of additional or prior work performed, or additional delinquencies are uncovered, in accordance with the collective bargaining agreement(s) and Fund Delinquency Policy.

16. Plaintiffs are entitled to a provision permitting immediate registration in another District of any judgment entered in this action.

**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

**WHEREFORE**, Plaintiffs request this Court to grant judgment against Defendant and in favor of Plaintiffs, and to award relief as follows:

    a.    Judgment in the amount of **$2,725.22**, or such other amounts as may be due and owing when this cause of action reaches judgment, as provided for by Section 502 of ERISA;

    b.    Reasonable counsel fees, interest to run at rate of 6%, and costs of suit, as provided for by Section 502 of ERISA;

    c.    Injunctive relief ordering Defendant to remit employer reports, contributions and other required payments in a timely fashion; and

    d.    Other relief as the Court deems just and proper.

Respectfully submitted,
**SPEAR WILDERMAN, P.C.**

BY: _____
SYRETTA J. MARTIN
230 South Broad Street, Suite 1400
Philadelphia, PA 19102
(215) 732-0101
Attorney for Plaintiffs

Dated: December 20, 2019